The opinion of the court was delivered by
Gibson, J.
By the 35th section of the act of the 30th of March, 1811, on which the questions in this case depends, it is provided, that “all balances due to the commonwealth, on accounts settled agreeably to this act, shall bear interest from three months after the date of settlement, until paid/’ Now, in supposing that this account was settled agreeably to the act, it appears to me the accounting officers entertained an erroneous opinion of the nature and extent of their own powers. If it had been so settled, it would undoubtedly have been conclusive on Fitter, for the whole sum appearing to be due, unless it had been reduced on appeal to the Court of Common Pleas of the proper county, or on revision by the accounting officers, at the request of each other or of the party, pursuant to the 11th or the 16th section of the act, — nothing of which took place; for the balance was finally adjusted by Fitter and the auditor general, without the intervention of the state treasurer, by whom the account was never passed as revised. This error of the auditor general, in opening the account as it had been settled by the accounting officers, is intimately connected with a previous and more substantial error, the consequences of which it was no doubt intended to obvíate. I mean,, an error in settling *279 the account, without giving notice to Filler, or an opportunity to be heard in support of the credits to which he might be entitled. The very word, settlement, imports a joint act of parties who have computed together; and an ex parte settlement, (if any thing pro perly be so called,) is contrary to the plainest principles of natural justice. Why should it have been resorted to here ? A party could not gain delay, or elude the demands of the commonwealth by attempting to hold back; for a refusal to account, after having been summoned to do so, would be visited by highly penal consequences. To enable the auditor general to adjust the public accounts, he is invested with power to compel every person in the receipt or possession of public money, to render an account, and to enforce the attendance of any person, whether party or witness, at his office; and to compel the production of all documents which he may deem material to the inquiry; and, for contempt of his summons in this behalf, a party delinquent may be proceeded against by attachment. But it is provided by the 34th section, that, “In case any person neglects or refuses to furnish his accounts, and the auditor general and state treasurer should deem it more conducive to the public interest, by reason of the supposed smallness of the debt, or from any other circumstance, not to proceed to compel the exhibition of such account, but to make an estimated statement from the previous account settled, or from any other reasonable data, of the probable amount of the account of such delinquent, they, the said auditor general and state treasurer, are hereby authorized to do so:” and it is contended, that the accounting officers had authority to settle the account in the way they have done, by the provisions of this section. ' Still, however, I think it manifest, the legislature intended, in such cases, that the party should have been summoned, or in some way or other have had notice, before being affected by a measure so severe. The accounts of sheriffs are to be settled yearly, but no particular day of the year is fixed for settlement; and it is therefore difficult to determine at what period a sheriff shall be said to have neglected or refused to settle his account at the pi’oper time. It may be said, that after the expiration of each year of his term without settlement, he is in default, and may, with strict propriety, be said to have neglected to furnish his account for the preceding year, which is sufficient to bring him within the words of the section, without recourse to the process of summoning him. This would be plausible, if the section embraced only the case of sheriffs, who have fixed periods of settlement; but it embraces the case of all other persons, most, if not all, of whom have no stated periods, and who therefore cannot be said to have neglected or refused to furnish their accounts, before they have been required to do so. On strict principles of construction, therefore, the case before us would not be included. But in cases indisputably falling within the letter of the section, it is plain the legislature did not mean to dispense with the summons *280 to the pari}7, but only with the use of means “to compel the exhibition of such account.” There are the words; and it is evident, from the guarded manner in which the legislature has expressed itself, that it did not mean to dispense with one of the most substantial requisites of natural justice — notice to the party affected, and an opportunity to be heard, in case he should think fit to attend. Under this act, the discretionary powers of the accounting officers are very extensive, and it is necessary to the public welfare that they should be so. But,, in proportion as power approaches to arbitrary discretion, so ought to be the degree of care, or rather jealousy, of those whose official duty it becomes to determine whether the exercise of it has been restrained to the limits prescribed to it by the legislature. In the instance under consideration, the accounting officers were actuated unquestionably by a laudable zeal for the public interest, but they seem to have misconceived the extent of their powers; and, in attempting to obviate the injustice which was the consequence of their first error, they unavoidably fell into another, by opening the account in a way not ^authorized by the legislature, for letting in credits to which the accountant was clearly entitled. It would be manifestly unjust to consider this as a binding settlement, after Mr. Fitter had been led to believe that it was not so considered by the accounting officers themselves; and after he had been induced, by the acts of one of them, to let the period of appeal or of revision elapse. It does not appear that there was a period, at any time before the final adjustment, when he could have known the exact sum which might have been tendered to the commonwealth, with safety to himself; and, to charge him with interest on money which was not causelessly withheld, would be palpably unjust. The account, then, was not settled agreeably to the act; and the balance subsequently adjusted, was not such as, according to the 35th section, subjected the party to the payment of interest. I give no opinion, (as it is unnecessary, and might, be mischievous,) on the objection to the settlement, because Mr. Fitle>' had not been called on to settle his account yearly, and because the account under consideration embraces the whole of bis official term. The requisitions of the act, in this particular, are said to be impracticable. But surely the better way would be, to represent the matter to the legislature, who would at once provide a remedy for whatever might be defective. In conclusion, I can perceive no objection to the verdict, and the rule to show cause why a new trial should not be awarded, must be discharged.
Rule discharged.